# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

| ARTHUR D'AMARIO, III, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil No. 1:12-cv-00779-DBH-MJK |
| MANHATTAN HOUSING SPECIALISTS, INC., et al., | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

Arthur D'Amario, III has moved "for relief from the sanctions order entered by Judge Hornby on or about Oct. 13, 2013, and requests an evidentiary hearing," relying upon Fed. R. Civ. P. 60(b)(4)-(6). Pl.'s Mot. 1 (ECF No. 42).

D'Amario appears to be referring to my Order of October 30, 2013 (ECF No. 31), which, first, affirmed the October 16, 2013, Recommended Decision of Magistrate Judge Kravchuk (ECF No. 29) that the Court should dismiss D'Amario's lawsuit against Manhattan Housing Specialists, Inc., et al., and, second, concluded that D'Amario henceforth should be treated as a vexatious litigant who has abused his right of access to this Court and enjoined him from making further filings without prior leave of court. D'Amario appealed that October 30, 2013, decision to the United States Court of Appeals for the First Circuit, but he procedurally defaulted and his appeal was dismissed. D'Amario v. Manhattan Hous. Specialists, Inc., No. 13-2511, slip op. at 1 (1st Cir. Feb. 25, 2015).

The current motion is a prime example of why D'Amario is enjoined from filings without prior leave of court. It is a four-page single-space rant recounting his complaints about conduct back to at least 1983 and covering lawyers and federal judges from the First and Third Circuits, Rhode Island, New Jersey, New Hampshire, and Maine, as well as state judges from Rhode Island.

The motion does not propose a new lawsuit that D'Amario seeks leave to file. Instead, it appears to be a broad request that all restrictions on him against federal filings in the District of Rhode Island be lifted, that this case be reassigned to a "judge from without the 1st Circuit," and for an evidentiary hearing on the motion. Pl.'s Mot. 5. He has shown no grounds for this relief under Rule 60(b) or any other authority.

Contrary to D'Amario's assertion that I entered the October 30, 2013, Order "with no notice, hearing or findings," Pl.'s Mot. 2, he had notice of the possibility of restrictions from the Magistrate Judge's Recommended Decision of October 16, 2013, id. at 15-16. The Magistrate Judge gave a succinct description of the reasons justifying restrictions and a court's power to order them. I had earlier placed D'Amario on notice on June 5, 2008, that filing restrictions might be in the offing. D'Amario v. United States, No. 05-216-P-H, slip op. at 2-3 (D.R.I. June 5, 2008). I recounted that earlier 2008 notice in my October 30 Order, id. at 2. D'Amario also characterizes the October 30, 2013 Order as denying him "DNA testing of forensic evidence held by the state" and says that I "whimsically concluded that because Plaintiff's motion in a criminal proceeding under the new Innocence Protection Act had been denied, he was

2

collaterally estopped from seeking DNA testing in an independent civil action." Pl.'s Mot. 2. There is no such reference in the Order. What I actually did on his claim for DNA testing was adopt the Recommended Decision of the Magistrate to dismiss D'Amario's claim against the City of Attleboro. The Magistrate Judge's reasoning, which I adopted, was:

> [U]nder [Ashcroft v. Iqbal, 556 U.S. 662 (2009)] pleading standards the conclusory statement regarding an official municipal policy of harassment is insufficient. Assuming the preposterous allegations in this proposed amended complaint are true, half of them have nothing to do with the City of Attleboro and its agents or officers. Furthermore, the allegations concerning the sporadic actions of individual Attleboro police officers over a span of almost fifteen years do not in and of themselves create an official policy. D'Amario has not sued the individual officers and thus apparently thinks he can simply skip the requirement of municipal liability under section 1983 that requires him to first prove a constitutional violation by one or more officers. Or course, if he tried to establish the constitutional liability of these officers for his "wrongful" conviction, he would run into Heck v Humphrey, 512 U.S. 477 (1994), which bars civil lawsuits for allegedly unconstitutional conduct if the allegations, if proved, would render his underlying conviction invalid.

Recommended Dec. at 15.

For these reasons, D'Amario's motion for judicial reassignment, an evidentiary hearing, and relief from the provisions of the October 30, 2013, requiring prior leave of court to make further filings is **DENIED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF MAY, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF MAINE**